IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                                                  )<br>)<br>WILLIAM MARQUIE BLAND,      )<br>)<br>Defendant.                             )<br>_____ ) | Criminal Case No.  2:16cr153 (RCY) |

**MEMORANDUM OPINION**

This matter is before the Court on Defendant's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A) (ECF No. 43) ("Motion for Compassionate Release"), the Response in Opposition by the United States (ECF No. 45), the exhibits related to these documents, and other related filings.  The original *pro se* Motion for Compassionate Release (ECF No. 38) was terminated as supplanted by the Motion for Compassionate Release filed on April 23, 2021, pursuant to the Court's Order of March 16, 2021 (ECF No. 40), but as requested in the Motion for Compassionate Release, the Court has also reviewed the *pro se* Motion. (*See* ECF No. 43 at 1 n.1.)  The Court has reviewed these documents and all exhibits, and the matter is ripe for disposition.  The Court dispenses with oral argument because the materials before it adequately present the facts and legal contentions, and argument would not aid the decisional process.  For the reasons that follow, the Court will deny the Motion for Compassionate Release.

**I.  BACKGROUND**

William Marquie Bland ("the Defendant" or "Bland") was originally charged in a criminal complaint on October 20, 2016. (ECF No. 1.)  Bland and a co-defendant were charged with Conspiracy to Distribute and to Possess with Intent to Distribute Five Kilograms or more of

Cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. § 846.  On November 8, 2016, Bland was charged in a criminal information with the same offense.  (ECF No. 18.)  He appeared before United States Magistrate Judge Robert J. Krask, waived indictment, and pled guilty to the criminal information on November 15, 2016, by way of a plea agreement and a written statement of facts.  (ECF Nos. 19–24.)

According to the Presentence Investigation Report ("PSR"), the cocaine weight attributable to Bland resulted in a base offense level of 32.  (PSR, ECF No. 29 at ¶ 25.)  Three two-level enhancements were applied for possession of a firearm in connection with the offense, maintaining a premises for the distribution of controlled substances, and for being "an organizer, leader, manager, or supervisor in any criminal activity other than described in USSG § 3B1.1(a) or (b)."  (*Id*. at ¶¶ 26, 27, 29.)  Bland was given a three-point reduction for acceptance of responsibility; thus, his total offense level was 35.  (*Id*. at ¶¶ 31–35.)  Bland had a total of six criminal history points, resulting in a criminal history category of III.  With a total offense level of 35 and a criminal history category of III, his advisory Sentencing Guidelines range was 210 to 262 months. (*Id*. at ¶¶ 37–52; Part D.)  The offense to which Bland pled guilty required a mandatory minimum sentence of 120 months.  (*Id*. at Part D.)  On March 13, 2017, United States District Judge Henry C. Morgan imposed a downward variance sentence of 180 months of imprisonment.  (ECF Nos. 33–36.)

In the Motion for Compassionate Release, Bland argues that he is at higher risk for severe illness from COVID-19 due to a heart murmur, noting that "COVID-19 is an extremely dangerous and contagious virus that can even cause serious harm to otherwise young and healthy individuals."  (Mot. Comp. Release at 2.)  He contends that the BOP is not able to protect its population against COVID-19 and is not able to adequately care for those who contract COVID-

19. (*Id.*) The Defendant also contends that his family circumstances, specifically his father's age and the COVID-19 pandemic, weigh in favor of his request for compassionate release. (ECF No. 38.) The Defendant seeks immediate compassionate release or, in the alternative, a non-binding recommendation to the BOP that the Defendant be considered for home confinement. (Mot. Comp. Release at 12.)

## II. LEGAL STANDARD: COMPASSIONATE RELEASE UNDER THE FIRST STEP ACT OF 2018

As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A) authorizes courts to "reduce the term of imprisonment" of a defendant for "extraordinary and compelling reasons," "upon motion of the Director of the Bureau of Prisons," or "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A)(i). Once the administrative remedies under § 3582(c)(1)(A) have been exhausted or waived, the Court may reduce or modify a sentence when "extraordinary and compelling reasons warrant such a reduction." *Id.* Section 3582(c)(1)(A) also requires courts to consider "the factors set forth in section 3553(a) to the extent they are applicable" and "applicable policy statements issued by the [United States] Sentencing Commission" before granting a sentencing modification. *Id*.

It is settled that the burden is on the defendant to prove that extraordinary and compelling reasons exist for compassionate release under § 3582(c)(1)(A)(i). *White v. United States*, 378 F. Supp. 3d 784, 785 (W.D. Mo. 2019). While courts do not "minimize the risks that COVID-19 poses in the federal prison system," the "mere existence of COVID-19 in society and the

possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020). It is also generally true that "chronic conditions that can be managed in prison are not a sufficient basis for compassionate release." *United States v. Molina*, No. 3:15cr31, 2021 WL 1323402, at *2 (E.D. Va. Apr. 8, 2021) (citation omitted). "In assessing whether the record shows the existence of extraordinary and compelling reasons for compassionate release, courts consider, *inter alia*, the guidance of the CDC [Centers for Disease Control and Prevention], and non-binding policy statements of the United States Sentencing Guidelines." *Id.* "[T]o constitute extraordinary and compelling reasons for compassionate release, medical conditions must be serious." *Id.* To establish the existence of "extraordinary and compelling" reasons for compassionate release because of COVID-19,[1] a defendant generally must show "both a particularized susceptibility to the disease and a particularized risk of contracting the disease at his prison facility." *United States v. White*, No. 2:07cr150, 2020 WL 1906845, at *1 n.2 (E.D. Va. Apr. 17, 2020) (quoting *United States v. Feiling*, 453 F. Supp. 3d 832, 840 (E.D. Va. 2020)).

In *United States v. McCoy*, 981 F.3d 271, 276 (4th Cir. 2020), the Fourth Circuit held that "there currently exists no 'applicable policy statement'" because the Sentencing Commission has not issued a policy statement since the passage of the First Step Act. *Id.* at 281. Therefore, until the Sentencing Commission issues an updated policy statement, "district courts are 'empowered to consider any extraordinary and compelling reason for release that a defendant might raise.'"

---

[1] According to his counsel, Bland, age 40, has a heart murmur, and COVID-19 "is an extremely dangerous and contagious virus that can even cause serious harm to otherwise young and healthy individuals," in particular those who are incarcerated. (Mot. Comp. Release at 2.)

*Id.* at 284 (alteration omitted) (quoting *United States v. Brooker*, 976 F.3d 228, 230 (2d Cir. 2020)).

Although the policy statement in U.S.S.G. § 1B1.13 is no longer binding on this Court after the Fourth Circuit's decision in *McCoy*, many courts are treating § 1B1.13 "as providing useful guidance about how the Court should exercise its discretion under § 3582(c)(1)(A)," but they are not "treat[ing] its provisions as binding." *United States v. Dean*, No. 15-CR-0339(1), 2020 WL 7055349, at *1 (D. Minn. Dec. 2, 2020) (citing *McCoy*, 981 F.3d at 281); *see also United States v. Spencer*, No. 2:11cr30, 2021 WL 713287, at *2 (E.D. Va. Feb. 24, 2021) (noting that "the policy statement in U.S.S.G. § 1B1.13 is no longer binding . . . after . . . *McCoy*," but that "the court finds certain of its provisions useful in addressing [compassionate release motions]").

Section 1B1.13's guidance provides that a defendant's medical conditions, age, family circumstances, or other circumstances, either singly or in combination, can prove sufficiently extraordinary and compelling to justify compassionate release. U.S.S.G. § 1B1.13, application notes 1(A)-(D). It advises that, to be extraordinary and compelling, a defendant's medical conditions must be either "terminal . . . with an end of life trajectory" or must "substantially diminish[] the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." § 1B1.13, application note 1(A).

Similarly, a defendant may be released based on his advanced age when he "is at least 65 years old," "is experiencing a serious deterioration in physical or mental health because of the aging process," and "has served at least 10 years or 75 percent of his or her term of imprisonment." § 1B1.13, application note 1(B). Defendants may also seek compassionate

5

release based on family circumstances, including when the caregiver of a defendant's minor child has died or become incapacitated, or when the defendant's spouse or partner has become incapacitated and the defendant constitutes the only available caregiver. § 1B1.13, cmt. application note 1(C). Finally, the Sentencing Guidelines contemplate situations in which "there exists in the defendant's case an extraordinary and compelling reason [for compassionate release] other than, or in combination with, [the defendant's medical conditions, age, and family circumstances]." § 1B1.13, cmt. application note 1(D).

Even if extraordinary and compelling reasons exist for a reduction in sentence, § 3582(c)(1)(A) requires courts to consider "the factors set forth in section 3553(a) [of Title 18] to the extent they are applicable" and "applicable policy statements issued by the [United States] Sentencing Commission" before granting a sentence modification. To that end, § 3553(a) requires courts to consider, among other factors, the nature and circumstances of the underlying offense and the history and characteristics of the defendant, as well as the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence and protect the public from further crimes of the defendant. 18 U.S.C. § 3353(a)(1)-(2).

The Fourth Circuit provided additional guidance in *United States v. Kibble*, 992 F.3d 326 (4th Cir. 2021). It explained that the district court must "reconsider[] the § 3553(a) factors in view of the extraordinary and compelling circumstances present in [the defendant's] case." *Id*. at 332. In his concurring opinion, Chief Judge Gregory makes it even more clear that the district court may not "fulfill its duty to reconsider the § 3553(a) factors by merely recounting the considerations that supported the original sentence." *Id*. at 335 (Gregory, C.J., concurring). "Section 3582(c)(1) necessarily envisions that the § 3553(a) factors may balance differently upon

6

a motion for compassionate release than they did at the initial sentencing." *Id*. "If a district court's original § 3553(a) analysis could always prove that a sentence reduction would intolerably undermine the § 3553(a) factors, then 18 U.S.C. § 3582(c)(1) would, in effect, be a nullity." *Id*. Judge Gregory notes that "[a] day in prison under the current conditions is a qualitatively different type of punishment than one day in prison used to be," and that "[t]hese conditions, not contemplated by the original sentencing court, undoubtedly increase a prison sentence's punitive effect." *Id*. at 336.

Courts must also consider "evidence of rehabilitation and other post-conviction conduct." *United States v. Brown*, No. 3:90cr113, 2021 WL 3206548, *2 (E.D. Va. 2021) (citing *United States v. Martin*, 916 F.3d 389, 397–98 (4th Cir. 2019) (requiring consideration of post-conviction evidence and statutory sentencing factors in the context of a sentence reduction sought pursuant to § 3582(c)(2)); *United States v. McDonald*, 986 F.3d 402, 412 (4th Cir. 2021) (extending *Martin* to motions filed pursuant to § 3582(c)(1)(B))). The *Brown* decision also notes that a defendant's "rehabilitation alone does not provide sufficient grounds to warrant a sentence modification." *Id*. (citing 28 U.S.C. § 994(t)).

Additionally, the Sentencing Commission has advised courts to consider whether, based on the factors set forth in 18 U.S.C. § 3142(g), a defendant would present a danger to the safety of any other person or to the community if released.[2] U.S.S.G. § 1B1.13(2). As noted herein,

---

[2] As modified in the context of a compassionate release motion, before releasing a defendant, courts should consider: (1) the nature and circumstances of the offense of conviction, including whether the offense is a crime of violence, a violation of § 1591, a terrorism offense, or an offense involving a minor victim, controlled substance, firearm, explosive or destructive device; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including his or her character, physical and mental condition, family and community ties, financial resources, history of substance abuse and criminal history, as well as whether at the time of the instant offense, the defendant was on a period of probation, parole or other form of release; and, (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g)(1)-(4).

pursuant to *United States v. McCoy*, the policy statement is not binding, but it provides useful guidance.

Ultimately, the Court may reduce a defendant's sentence under § 3582(c)(1)(A) only after (1) the defendant establishes an extraordinary and compelling reason for the reduction, and (2) the Court finds that a reduction in the defendant's sentence would not undermine the relevant § 3553(a) factors and any applicable policy statements issued by the Sentencing Commission.

### III. ANALYSIS

The parties agree that Bland has satisfied the exhaustion requirement. But, after a careful review of the motions, memoranda, exhibits, and other related documents, the Court concludes that Bland's health conditions do not support a finding of extraordinary and compelling reasons for a reduction in his sentence. No medical records were submitted other than a record confirming that Bland was offered and refused the Pfizer vaccine on April 8, 2021. (ECF No. 48.) The Court confirmed that, as of October 12, 2021, there is no change regarding Bland's vaccine refusal status. Bland's PSR indicated that he had no health concerns. (ECF No. 29 at ¶ 77.) If Bland has a heart murmur that is associated with serious heart disease, then it was his burden to submit medical records to support such a condition. With regard to Bland's refusal of the Pfizer vaccine, although Bland has the right to decline vaccination, "he cannot simultaneously claim that he must be released because of the risk of complications while refusing a vaccine that could virtually eliminate that risk." *United States v. Jackson*, No. 15cr260(7), 2021 WL 806366, at *2 (D. Minn. Mar. 3, 2021); *see also United States v. Williams*, No. CR-17-1279-1, 2021 WL 321904, at *3 (D. Ariz. Feb. 1, 2021) (finding that the defendant's refusal of the vaccine was "inconsistent with his position that he believes he is at increased risk from the virus.").

Bland is housed at FCI Oakdale Low. There are currently twenty-seven positive staff cases and seven positive inmate cases at that facility; seven inmates and no staff at that facility have died of COVID-19; and there have been a total of 206 inmates and 50 staff members who tested positive and recovered, according to data available at www.bop.gov/coronavirus/ (updated daily at 3:00 p.m.) (last visited October 22, 2021).[3] There is no doubt that FCI Oakdale Low has had problems containing COVID-19 given the number of deaths early in the pandemic and the positivity rate, but given the availability of vaccines and the low number of positive cases there currently, Bland cannot establish a particularized risk of contracting COVID-19 at FCI Oakdale Low. Accordingly, the Court finds that Bland has not established an extraordinary and compelling reason for a reduction in his sentence.

Moreover, even if the Court found that Bland had established an extraordinary and compelling reason for a reduction in his sentence, the Court does not, in its discretion, find a reduction in sentence to be appropriate under the relevant § 3553(a) factors and non-binding policy statements. The Court finds that a reduction in Bland's sentence would undermine the relevant § 3553(a) factors. Bland's offense involved a conspiracy to bring more than thirty kilograms of cocaine from Texas to North Carolina and Virginia. He also possessed at least one firearm in conjunction with the offense. Most troubling, this case was the second time Bland was sentenced in a United States District Court for a drug trafficking offense. (PSR at ¶ 50.) For these reasons, a reduction in Bland's sentence would undermine the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, and afford adequate deterrence, given the nature and circumstances of the underlying offense, and

---

[3] According to BOP data, seven inmates had died at this facility as of May 21, 2020, but no inmates have died of COVID-19 at FCI Oakdale Low in the last seventeen months.

Bland's history and characteristics. At the sentencing hearing, Judge Morgan granted a downward variance of thirty months. Bland's current sentence is reasonable and appropriate, and it is no greater than necessary to achieve the objectives of § 3553(a).

## IV.  CONCLUSION

For the reasons set forth herein, Bland's Motion for Compassionate Release will be denied.

An appropriate Order shall issue.

Richmond, Virginia  
Date: October 26, 2021

/s/ _____  
Roderick C. Young  
United States District Judge